**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PAULA A. WILSON,**

                      **Plaintiff,**                    7:13-cv-295
                                                               (GLS/ESH)

                v.

**CAROLYN W. COLVIN,** Acting
Commissioner, Social Security
Administration,

                      **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Legal Aid Society of Northeastern NY      CYNTHIA A. EYLER, ESQ.
17 Hodskin Street
PO Box 648
Canton, NY 13617

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN          KRISTINA D. COHN
United States Attorney                        ROBERT R. SCHRIVER
Syracuse, NY 13261                            Special Assistant U.S. Attorneys

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Paula A. Wilson challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1] (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed June 27, 2014, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed. (Dkt. No. 28.) Pending are Wilson's objections to the R&R. (Dkt. No. 29.) For the reasons stated below, the court declines to adopt the Magistrate Judge's Recommendation, and reverses and remands the Commissioner's decision.

## II. Background[2]

On February 26, 2010, Wilson filed applications for DIB and SSI under the Social Security Act. (Tr.[3] at 121-22, 173-87.) After her applications were denied, Wilson requested a hearing before an

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the regulations governing SSI are omitted.

[2] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 21, 25, 28.)

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 11.)

Administrative Law Judge (ALJ), which was held on June 28, 2011.  (*Id.* at 53-114, 123-29.)  On November 14, 2011, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*Id.* at 1-7, 28-52.)

Wilson commenced the present action by filing a complaint on March 13, 2013, seeking judicial review of the Commissioner's determination.  (Compl.)  After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed.  (*See generally* Dkt. No. 28.)

### III.  Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge.  If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v.*

3

*N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Wilson raises one specific objection to the R&R regarding new evidence submitted to the Appeals Council, which the court will review *de novo*. (Dkt. No. 29 at 4-6, 8-10.) The remainder of the R&R will be reviewed for clear error.[4]

### A. New Evidence

Wilson argues that the Commissioner erred in ignoring new and material evidence from treating psychiatrist Mariam Asar. (Dkt. No. 29 at 4-6.) According to Wilson, Judge Hines improperly refused to consider such evidence as part of the administrative record. (*Id.* at 5.) Further,

---

[4] Wilson purports to object to the R&R on three grounds. (Dkt. No. 29 at 1-10.) However, the substance of Wilson's objections to the ALJ's credibility decision and the weight afforded to the opinion of nonexamining psychological consultant T. Bruni was previously raised in Wilson's brief and considered and rejected by Judge Hines. (Dkt. No. 21 at 16-19; Dkt. No. 28 at 8-20; Dkt. No. 29 at 1-4, 6-8.) These objections, therefore, are general and do not warrant *de novo* review. *See Almonte*, 2006 WL 149049 at *4.

4

Wilson contends that Dr. Asar's treatment records and opinion support her allegations of disabling mental impairments. (*Id.* at 5-6.)

The Appeals Council shall consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.976(b)(1); *see Perez*, 77 F.3d 41, 45 (2d Cir. 1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). However, even if "the Appeals Council denies review after considering new evidence, the [Commissioner]'s final decision necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Perez*, 77 F.3d at 45 (internal quotation marks and citation omitted). Accordingly, the additional evidence becomes part of the administrative record reviewed by the district court. *Id*. at 45-46.

Here, after the ALJ rendered his decision, Wilson submitted additional medical evidence to the Appeals Council. (Tr. at 2, 5-6, 1112-49.) As Judge Hines noted, the Appeals Council accepted and considered portions of that evidence, but declined to consider the remaining items because, according to the Appeals Council, they pertained to a period after

5

November 14, 2011, the date of the ALJ's decision. (Dkt. No. 28 at 2-3 n.3; Tr. at 2.) The Appeals Council returned the rejected evidence to Wilson for use in a new claim. (Tr. at 2); *see* 20 C.F.R. § 404.976(b)(1). After commencing the present action, Wilson requested permission to amend the administrative record to include these returned medical exhibits, which request was granted. (Dkt. Nos. 18, 19.) Thereafter, Wilson filed the additional records, including the treatment notes of Dr. Asar, dated August 23, 2011 through March 8, 2012. (*See generally* Dkt. No. 24.) In addition, Wilson submitted a January 2012 opinion of Dr. Asar, which indicates that Wilson suffers marked limitations in her ability to interact appropriately with supervisors and co-workers, respond to usual work situations, and respond to changes in a routine work setting. (*See generally* Dkt. No. 23.) According to Dr. Asar, Wilson has suffered such limitations since August 23, 2011. (*Id.* at 3.)[5]

---

[5] The decision of the Appeals Council indicates that Wilson submitted Dr. Asar's records dated January 17, 2012 through March 8, 2012 for consideration. (Tr. at 2.) However, Wilson purports to have submitted to the Appeals Council Dr. Asar's records from August 23, 2011 through March 8, 2012. (Dkt. No. 18; Dkt. No. 29 at 1, 4-5.) It is unclear if the Appeals Council overlooked Dr. Asar's records created during the relevant time period, or if Wilson has submitted new evidence that was not included as part of the original administrative proceedings. However, the Commissioner did not object to the inclusion of Dr. Asar's treatment notes in the administrative transcript or argue that they differed from those submitted to the Appeals Council. (Dkt. No. 18; *see generally* Dkt. No. 25.) In any event, it appears that the Appeals Council had before it Dr. Asar's January 17, 2012 opinion, which relates to the relevant time period inasmuch as Dr. Asar opined that Wilson's limitations began prior to the ALJ's decision. (Dkt.

In her brief before Judge Hines, Wilson argued that, among other things, the ALJ: (1) should have contacted Dr. Asar before discrediting her subjective complaints due to a lack of support in her psychiatric treatment notes; (2) erred in granting significant weight to the opinion of nonexamining psychological consultant Bruni because it is inconsistent with the opinion of Dr. Asar; and (3) erred in affording little weight to the opinion of licensed social worker MaryAnn VanBuskirk because her opinion is supported by the treatment notes and opinion of Dr. Asar. (Dkt. No. 21 at 18-20.) Judge Hines reasonably concluded that the ALJ was not under a duty to contact Dr. Asar because he was unaware of her treatment relationship with Wilson. (Dkt. No. 28 at 8 n.9.) As Judge Hines pointed out, Wilson did not begin seeing Dr. Asar until two months after the administrative hearing, and none of Dr. Asar's records were submitted to the ALJ for review. (*Id.*) Further, Judge Hines noted that Wilson failed to argue that Dr. Asar's records were new and material evidence that the Appeals Council failed to consider. (*Id.*)

Wilson now argues that the Commissioner erred in failing to consider

---

No. 23 at 3; Tr. at 15-16); *see Flagg v. Colvin*, No. 5:12-CV-0644, 2013 WL 4504454 at *5 (N.D.N.Y. Aug. 22, 2013) (rejecting the argument that the Appeals Council may properly dismiss a physician's opinion solely because it was completed after the date of the ALJ's decision.).

this new and material evidence from Dr. Asar. (Dkt. No. 29 at 4-6.) Generally, arguments may not be raised for the first time in objections to a magistrate judge's report. *See Lewyckyj v. Colvin*, No. 3:13-cv-126, 2014 WL 3534551, at *2 (N.D.N.Y. July 17, 2014); *Rosello v. Barnhart*, No. 02 Civ. 4629, 2004 WL 2366177, at *3 (S.D.N.Y. Oct. 20, 2004); *Abu-Nassar v. Elders Futures. Inc.*, No. 88 Civ. 7906, 1994 WL 445638, at *5 n.2 (S.D.N.Y. Aug. 17, 1994). However, because Wilson moved to amend the administrative record to include Dr. Asar's treatment notes and opinion, and because several of her arguments before Judge Hines relied on Dr. Asar's treatment notes and opinion, the court will review this objection *de novo*.

Given that the Commissioner must provide "'good reasons' for the weight given to the treating source's opinion," *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted), and the potentially dispositive nature of Dr. Asar's opinion, the Appeals Council's failure to consider the treatment notes and opinion of Dr. Asar requires remand. *See James v. Comm'r of Soc. Sec.*, No. 06-CV-6180, 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009) (holding that "where newly submitted evidence consists of findings made by a claimant's treating physician, the treating physician rule

applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion").  Notably, the ALJ discounted the opinion of treating primary care physician Elizabeth Logalbo that Wilson is incapable of performing the basic mental demands of unskilled work because there were no clinical or diagnostic findings to support the severity of limitations she found, nor any evidence that Dr. Logalbo ever performed a mental status examination of Wilson.  (Tr. at 42.) On the other hand, Dr. Asar's treatment records from the relevant time period include mental status examinations revealing that Wilson's affect was pleasant but labile, speech was loud and pressured, thought processes were somewhat circumstantial and over-elaborative with some looseness of association, thought content was preoccupied with all the stressors in Wilson's life, attention span was somewhat distractible, insight and judgement was limited, and impulse control was poor.  (Dkt. No. 24 at 12, 15, 17-18, 21, 24, 27-28.)  In addition, in August 2011, Dr. Asar assigned Wilson a Global Assessment of Functioning (GAF) score of forty-five, indicating serious symptoms.[6]  (*Id.* at 28.)

---

[6] The GAF scale "ranks psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness."  *Pollard v. Halter*, 377 F.3d 183, 186 n.1 (2d Cir. 2004).  A GAF score between forty-one and fifty signals "'[s]erious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) [or] any serious impairment in social,

Although the Appeals Council erred in failing to consider and weigh Dr. Asar's opinion, the court is mindful that there may be reasons for discounting her opinion. *See* 20 C.F.R. § 404.1527(c). Nevertheless, because "the propriety of agency action must be evaluated on the basis of stated reasons," the Commissioner's findings cannot be sustained, *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983), and remand for further administrative proceedings is appropriate, *see, e.g.*, *Flagg*, 2013 WL 4504454 at *7 (explaining that remand for reconsideration of new medical evidence is required where the Appeals Council's failure to provide good reasons for discounting a treating physician's opinion frustrates meaningful review).

## B. **Remaining Findings and Conclusions**

As to the remainder of Wilson's objections, the Commissioner is directed to reevaluate Wilson's subjective complaints, as well as the other medical opinions of record, in light of Dr. Asar's treatment notes and opinion.

## V. **Conclusion**

---

occupational, or school functioning (*e.g.*, no friends, unable to keep a job).'" *Zabala v. Astrue*, 595 F. 3d. 402, 406 n.2 (2d Cir. 2010) (quoting Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., Text Rev. 2000)).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' June 27, 2014 Report and Recommendation (Dkt. No. 28) is **REJECTED**; and it is further

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 29, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court